UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER HOWARD,
*an individual*,                                                                 Case No.:

          Plaintiff,

v.

MIDLAND CREDIT MANAGMENT, INC.
*a foreign for-profit corporation*,

          Defendant.
_____/

**VERIFIED COMPLAINT**

**COMES NOW**, Plaintiff, PETER HOWARD (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

**INTRODUCTION AND PRELIMINARY STATEMENT**

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Fair Debt Collection Practices Act, 15 United States Code, Section 1692a, *et seq.* (hereinafter, "FDCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

**JURISDICTION AND VENUE**

1.    This court has jurisdiction pursuant to 47 United States Code, Section 227(b)(3), 15 United States Code, Section 1692k(d), 28 United States Code, Sections 1331 and 1337, and supplemental jurisdiction over the FCCPA claims pursuant to 28 United States Code, Section

1

1367. Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202. Injunctive relief is available pursuant to Florida Statutes, Section 559.77(2) as well as pursuant to 47 United States Code, Section 227(g)(2).

2. Venue in this District is proper as Defendant transacts business in this District, and the conduct complained of herein occurred in this District.

3. At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

4. At all material times herein, Defendant is a foreign for-profit corporation existing under the laws of the State of Kansas, that, through itself and its subsidiaries, regularly collects consumer debts due to, or allegedly due to, another from consumers in Pinellas County, Florida.

5. At all material times herein, the conduct of Defendant, complained of below, occurred in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. At all material times herein, Defendant is a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(6).

7. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(2) and 15 United States Code, Section 1692a(3).

8. At all material times herein, Defendant attempts to collect a debt, specifically a consumer debt or debts allegedly acquired by Defendant after the Debt owed to the original creditor was in default (hereinafter, the "Debt").

9. At all material times herein, Defendant used interstate mail while engaging in a business, the principal purpose of which is the collection of debts allegedly due another.

10. Defendant is an entity who regularly collects or attempts to, directly or indirectly, collect debts owed or due, or asserted to be owed or due, another.

11. At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household, or family use.

12. At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

13. At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5) and 15 United States Code, Section 1692a(2).

14. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

15. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

**FACTUAL ALLEGATIONS**

16. Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number 727.282.3488 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV"), as those terms are defined by the TCPA.

17. Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the

assigned number 727.282.3488, which he acquired approximately in May of 2012.

18. Defendant acquired the Debt for collection – and at all times herein collected the Debt – after the Debt was in default.

19. At no time herein did Defendant have Plaintiff's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV.

20. Further, Plaintiff incurred the Debt prior to acquiring his current Cellular Telephone number, and Defendant never subsequently obtained Plaintiff's prior express consent. Therefore, Defendant has never possessed Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

21. Upon information and belief, Defendant obtained Plaintiff's Cellular Telephone number using a "skip-trace" or other similar information-acquiring program, service, or technology.

22. At no time herein did Defendant have Plaintiff's prior express consent to obtain Plaintiff's Cellular Telephone number using such a skip-trace.

23. All of Defendant's calls, alleged below, were paced from telephone number 877.237.0512 unless otherwise stated, and all calls alleged below were made in an attempt to collect the Debt.

24. On or about October 26, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

25. On or about October 27, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

26. On or about October 28, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

27. On or about October 30, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

28. On or about November 10, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

29. On or about November 11, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

30. On or about November 12, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

31. On or about November 13, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

32. On or about November 14, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

33. On or about November 15, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

34. On or about November 16, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

35. On or about November 17, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

36. On or about November 18, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

37. On or about November 19, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

38. On or about November 24, 2013, Defendant called Plaintiff's Cellular Telephone

using an ATDS, a PTDS, or an APV.

39. On or about November 25, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

40. On or about November 26, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

41. On or about December 2, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

42. On or about December 3, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

43. On or about December 6, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

44. On or about December 7, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

45. On or about December 8, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

46. On or about December 9, 2013, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

47. On or about February 23, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

48. On or about February 24, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

49. On or about February 25, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

50. On or about February 26, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

51. On or about February 27, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

52. On or about February 28, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

53. On or about March 1, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

54. On or about March 2, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

55. On or about March 3, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

56. On or about March 4, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

57. On or about March 5, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

58. On or about March 6, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

59. On or about March 7, 2014, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

60. As a direct result of Defendant's actions, Plaintiff has suffered stress, anxiety, inconvenience, frustration, annoyance, fear, confusion, and loss of sleep, believing that the frequent, repeated Debt collection attempts would simply have to be endured.

61. Despite Defendant lacking Plaintiff's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV, Defendant continues to attempt to collect the Debt directly from Plaintiff in violation of the FCCPA, the FDCPA, and the TCPA.

62. Defendant's conduct, as described above, is a knowing, willful, and continuing violation of Plaintiff's rights, as enumerated under federal and state law.

63. Given Defendant's conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said debt collection laws, Plaintiff has no adequate remedy at law.

64. Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the barrage of Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiff.  Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA, the FDCPA, and the TCPA.  Further, Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

65. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages against Defendant, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

66. United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

67. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using an ATDS, a PTDS, or an APV to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations

proscribed thereunder.

68. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using an ATDS, a PTDS, or an APV to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

69. At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

70. Based upon the aforementioned allegations, Defendant's telephone calls made to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV were made in willful and knowing violation of the TCPA.

71. As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

72. Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

73. Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(7) by collecting a consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

74. At no time herein did Defendant have Plaintiff's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV.

75. Despite lacking Plaintiff's prior express consent, Defendant placed *at least* thirty-eight (38) telephone calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in its attempts to collect the Debt.

76. Defendant's conduct, namely the repeated and continuous calling of Plaintiff's Cellular Telephone without his prior express consent, and with mindless technology left Plaintiff with the belief that Defendant could and would continue to call Plaintiff until Plaintiff satisfied the Debt, or Plaintiff would have to continue to endure the abusive and harassing telephone calls.

77. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect the Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

78. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692d and d(5)

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

79. Defendant is subject to, and has violated the provisions of, 15 United States Code, Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

80. At no time herein did Defendant have Plaintiff's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV.

81. Despite lacking Plaintiff's prior express consent, Defendant placed *at least* thirty-eight (38) telephone calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in its attempts to collect the Debt.

82. Defendant's conduct, namely the repeated calling of Plaintiff's Cellular Telephone without his prior express consent, and with mindless technology, left Plaintiff with the belief that Defendant could and would continue to call Plaintiff until Plaintiff satisfied the Debt, or Plaintiff would have to continue to endure the abusive and harassing telephone calls.

83. Defendant's willful and flagrant violation of, *inter alia*, the Fair Debt Collection Practices Act as a means to collect the Debt, constitutes unlawful conduct and harassment as is contemplated under 15 United States Code, Section 1692d.

84. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT THREE:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

85. Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, a PTDS, or an APV to call a telephone number assigned to a Cellular Telephone service without Plaintiff's prior express consent.

86. At no time did Defendant have Plaintiff's prior express consent to call Plaintiff's Cellular Telephone.

87. Further, no prior express consent ever existed as Plaintiff did not own his current Cellular Telephone number on the date the alleged Debt was incurred, and Plaintiff never gave his Cellular Telephone number to Defendant.

88. Despite lacking Plaintiff's prior express consent, Defendant placed *at least* thirty-eight (38) calls to Plaintiffs Cellular Telephone using an ATDS, a PTDS, or an APV.

89. Plaintiff is entitled to and seeks injunctive relief enjoining Defendant from further violations of the TCPA.

90. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered:

    a. The periodic loss of his Cellular Telephone service;

    b. Lost material costs associated with the use of peak time cellular telephone minutes allotted under his Cellular Telephone service contract;

    c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

    d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e. Statutory damages.

## COUNT FOUR:
## TELEPHONE CONSUMER PROTECTION ACT-
## WILLFUL VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) and count three as if fully restated herein and further states as follows:

91. Defendant is subject to, and has willfully and knowingly violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an ATDS, PTDS, or an APV to call Plaintiff's Cellular Telephone without Plaintiff's prior express consent.

92. Plaintiff never provided his Cellular Telephone number to Defendant or the original owner of the Debt.

93. As enumerated above, Defendant never possessed Plaintiff's prior express consent to auto-dial his Cellular Telephone.

94. Defendant obtained Plaintiff's Cellular Telephone by way of a "skip trace," which is antagonistic to consent. Defendant knows that the taking of Plaintiff's Cellular Telephone and subsequent dialing of the same is not consensual.

95. As prior express consent never existed prior to Defendant's placement of calls to Plaintiff's Cellular Telephone, and Defendant is fully aware of the TCPA and its restrictions, each of Defendant's calls constitute knowing and/or willful violations of the TCPA.

96. As such, each of the calls made to Plaintiff's Cellular Telephone using an ATDS, PTDS, or an APV were knowingly, willfully, and consciously made in violation of the TCPA.

97. Plaintiff is entitled to seek injunctive relief enjoining Defendant from further violations of the TCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests against Defendant entry of:

    a. Judgment against Defendant declaring that Defendant violated the FCCPA and the TCPA;

    b. Judgment against Defendant for maximum statutory damages allowed under the

FCCPA;

  c. Judgment against Defendant for maximum statutory damages allowed under the FDCPA;

  d. Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's calls to Plaintiff's Cellular Telephone that violated the TCPA;

  e. Judgment against Defendant for treble damages in the amount of $1,500.00 for each of Defendant's calls to Plaintiff's Cellular Telephone that were placed knowingly and/or willingly in violation of the TCPA.

  f. Judgment against Defendant enjoining Defendant from further engaging in the conduct that violates the FCCPA and the TCPA;

  g. Judgment against Defendant for actual damages in an amount to be determined at trial pursuant to the FCCPA and the FDCPA;

  h. Judgment against Defendants for punitive damages in an amount to be determined at trial pursuant to the FCCPA;

  i. An award of attorneys' fees and costs; and

  j. Any other such relief the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by right.

## **SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence─paper, electronic documents, or data─pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*
**Ian R. Leavengood, Esq., FBN 0010167**
**Aaron M. Swift, Esq., FBN 0093088**
**G. Tyler Bannon, Esq., FBN 0105718**
**Greg H. Lercher, Esq., FBN 0106991**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA              )
                              )
COUNTY OF PINELLAS            )

Plaintiff PETER HOWARD, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Peter Howard

Subscribed and sworn to before me
this _25_ day of _July_, 2014.

_____
Notary Public

My Commission Expires: 5-17-17

Proof of I.D.: _Florida Drivers License_

TEIAH KAY HESTER
Notary Public - State of Florida
My Comm. Expires May 17, 2017
Commission # EE 874145

16